■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. PAIGE, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered January 24, 1985, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

On this appeal, defendant complains of the refusal of County Court to grant him youthful offender treatment and of the severity of the sentence that was imposed. We find the contentions meritless in view of the fact that both the denial of youthful offender treatment and the sentence were part of defendant's plea bargain. Furthermore, in the circumstances surrounding defendant's crime, we find no abuse of County Court's discretion.

On March 16, 1984, defendant and three accomplices (one drove the getaway car and acted as lookout) robbed Schuster's Market in the Town of Union, Broome County. At the time, codefendant Marvin A. Harris was armed with a pellet gun and all were wearing stocking masks. Together three of the robbers, including defendant, accosted the manager and two employees of the market at about 11:30 P.M. as they were preparing to close. Displaying the weapon to the manager, Harris demanded to know where the money was. When the manager failed to answer he was struck on the head with the butt of the gun and forced back into the store to the office safe. Harris ordered the manager to open the safe or he would be killed, and again struck the manager with the butt of the gun. The safe contained several thousand dollars and some food stamps, which were taken. Defendant was one of the three who participated in all of these events, which culmi-

nated in locking the manager and the employees in a walk-in cooler in a kneeling position, facing the wall, while the robbers made their getaway.

The crime was detected through the alertness of the market owner's son. He happened to be driving by the market and became suspicious when he observed the employees' cars parked there so late after closing. The son noted the description and license plate of the getaway car as it was leaving and called the police, who released the employees from the cooler. Based on their testimony and the information provided by the son, defendant and his accomplices were indicted for the crimes of robbery in the first degree and second degree.

With full knowledge of the consequences, defendant was allowed to plead guilty to robbery in the second degree, in full satisfaction of the indictment, and was sentenced as an adult to a prison term of 3 to 9 years, as negotiated. In view of defendant's willing and active participation in such a seriously planned and intentionally executed crime, we find the sentence justified. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur.